MARTHA S. BRUNER *vs.* JOSEPH B. BRUNER. JOSEPH B. BRUNER *vs.* MARTHA S. BRUNER.

*Divorce — Insufficient ground for a Divorce a Vinculo matrimonii or a Mensa et thoro.*

Where on a bill by a wife seeking a divorce from her husband on the ground of abandonment and desertion, and failure to contribute to the support of herself and child, it appears that the separation was due to his having sought and obtained employment in another city, and that during such time they maintained a constant correspondence, and her letters were such as an affectionate wife would write, and expressed an earnest hope that they would soon be reunited; that she lived with her parents; that his failure to contribute to her support was not the result of unkindness or indifference, but of inability consequent upon misfortune in business; and that shortly before the institution of the suit, she urged him not to send her any money unless he could spare it,—neither a divorce *a vinculo matrimonii*, nor *a mensa et thoro*, should be granted.

CROSS APPEALS from the Circuit Court of Baltimore City.

These cross appeals were taken from a decree of the Circuit Court of Baltimore City, divorcing the complainant Martha S. Bruner, *a mensa et thoro*, from the defendant Joseph B. Bruner, awarding to the complainant the exclusive control of all her property and estate, and giving to her the care and custody of her infant child Edward Thomas Bruner. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and McSHERRY, J.

*Frank X. Ward,* for Martha S. Bruner.

*Joseph Whyte,* for Joseph B. Bruner.

YELLOTT, J., delivered the opinion of the Court.

On the 17th day of April, 1888, in the Circuit Court of Baltimore City, a bill was filed by Martha S. Bruner against her husband, Joseph B. Bruner. The plaintiff alleges in her said bill that her husband has not, during the last four years, contributed to her support or that of her child, and that she has been compelled to depend upon the kindness of her parents for her maintenance; that her said husband has abandoned and deserted her; that such abandonment has continued uninterruptedly for at least three years; that it is deliberate and final, and that the separation of the parties is such that there is no reasonable expectation of reconciliation. The plaintiff asks for a divorce *a vinculo matrimonii.*

On the 2nd day of June, 1888, the defendant filed his answer, admitting the facts of marriage, and birth of children, but denying the verity of all the allegations of such facts set forth in the bill as form the foundation of the prayer for the relief invoked by the

plaintiff. The Court below declined to pass a decree of divorce *a vinculo matrimonii*, but, on the 12th day of July, passed a decree divorcing the parties *a mensa et thoro*. From this decree both parties have appealed.

The Court below was certainly right in refusing to grant a divorce *a vinculo* as prayed for in the bill of complaint. There is no evidence in this record sufficient to prove the fact of an abandonment. It is true that for some time before the institution of this suit, the parties had not been living together. He had sought and obtained employment in New York, and she was living in Baltimore with her parents, who seem to have been abundantly able to afford her support. But the parties maintained a constant correspondence and her letters are such as an affectionate wife would write. His letters must have been of the same character, for in each of her letters she speaks of "his welcome letter" just received. A "welcome letter" from husband to wife must have been a kind and affectionate letter. This correspondence continued until the 10th of April, 1888, and in all her letters she expresses an earnest hope that they will soon be reunited. Such evidence conclusively disproves the allegation of abandonment without hope of reconciliation.

There seems to be no proof in this record sufficient to support a decree *a mensa et thoro*. No allegation of cruelty appears in the bill of complaint, nor is there, in the record, any evidence tending to establish the fact of harsh and cruel treatment. There is an averment in the bill that he has not contributed to her support for some years; but his omission to perform this duty does not seem to have proceeded from unkindness or indifference, but from inability resulting from misfortune in the transaction of business. From the tenor of her written correspondence it must be inferred, that he was struggling to place himself in a

position to afford her a support, and in one of her letters dated March 26th, 1888, she urges him not to send her any money unless he can spare it.

What produced so sudden a change in her feelings towards her husband is not apparent from any proof in the record. Enough appears to show that no divorce should have been granted. When a woman enters into the marriage contract she accepts her partner with all his imperfections, and should be required to respect the sanctity of the obligation which she has so solemnly assumed. The nuptial tie should be regarded as too sacred to be dissolved except upon the clearest and most satisfactory proof of the necessity for a dissolution. As was said by Lord STOWELL, in *Evans vs. Evans,* 1 *Hagg. Cons. Rep.,* 36:

"The law has said that married persons shall not be legally separated upon the mere disinclination of one or both parties to cohabit together. The disinclination must be founded upon reasons which the law approves. The law in this respect acts with wisdom and humanity, with that true wisdom, and that real humanity, which regards the general interests of mankind. For though in particular cases the repugnance of the law to dissolve the obligations of matrimonial cohabitation may operate with great severity upon individuals, yet it must be carefully remembered that the general happiness of the married life is secured by its indissolubility."

Eminent Judges in this and other States have emphatically declared that "the marriage relation should not be dissolved upon slight grounds." *Coles vs. Coles,* 2 *Md. Ch. Dec.,* 352 ; *Bouic vs. Bouic,* 3 *Md. Ch. Dec.,* 56 ; *Hawkins vs. Hawkins,* 65 *Md.,* 104 ; *Harratt vs. Harratt,* 7 *N. H.,* 197 ; *Barrere vs. Barrere,* 4 *John. Ch.,* 188.

The proof in this cause shows no ground for even a partial dissolution of the connubial relations existing

between the parties.   The decree of the Court below
should therefore be reversed, and as from an examina-
tion of the record it becomes plainly apparent that the
plaintiff is not entitled to any divorce, the bill of
complaint should be dismissed.

*Decree reversed, and*
*bill dismissed.*

(Decided 10th January, 1889.)